# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE GENE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-321-RAW-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Ronnie Gene Foster requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: 1) whether the decision was supported by substantial evidence, and 2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 24, 1964, and was forty-nine years old at the time of the administrative hearing (Tr. 97). He was classified as having a limited education, and has worked as a cement truck driver (Tr. 81). The claimant alleges he has been unable to work since May 28, 2010, due to type I diabetes and insulin dependence, skin cancer, joint and back problems, hip problems, feet problems, high blood pressure, high cholesterol, anxiety, depression, sleep apnea, and COPD (Tr. 291).

## Procedural History

On December 12, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Bernard Porter held an administrative hearing and determined the claimant was not disabled in a written decision dated January 31, 2014 (Tr. 71-83). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he could only

occasionally operate foot controls, hand controls with the left upper extremity, and reach overhead, and could frequently handle, finger, and feel with the non-dominant left upper extremity. Additionally, he found that the claimant could occasionally climb ramps and stairs, and kneel, and could frequently balance, stoop, and crouch, but could never climb ladders, ropes, or scaffolds, nor could he have exposure to unprotected heights or moving mechanical parts, or concentrated exposure to humidity and extremes. Furthermore, he required a sit/stand option at least every thirty minutes. The ALJ also found that the claimant could hear and understand simple oral instructions, and was limited to simple tasks and simple work-related decisions, as well as limited to frequent interaction with coworkers, supervisors, and the general public (Tr. 76). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e*., touch up screener, optical goods assembler, and table worker (Tr. 82).

**Review**

The claimant contends that the ALJ erred by: (i) failing to properly consider his obesity with the Listings, (ii) failing to properly assess his credibility, and (iii) failing to account for dosage and effectiveness of his medications. The undersigned Magistrate Judge finds these contentions unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of obesity, chronic obstructive pulmonary disease (COPD), diabetes mellitus with peripheral neuropathy, hypertension, sleep apnea, GERD, lumbar disc disease, coronary artery disease (CAD), depression, and anxiety (Tr. 74). The relevant medical evidence reveals

that the claimant was assessed with anxiety and depression (Tr. 391-394). Additionally, he had degenerative joint disease of the low back, obesity, COPD, sleep apnea, diabetes mellitus, hypertension, hyperlipidemia, GERD, and insomnia (Tr. 423). In July 2012, he was hospitalized with, *inter alia*, chest pain that ruled out a myocardial infarction (Tr. 454). He was admitted to the hospital again on March 13, 2013, for shortness of breath and hypoxia, and reported that he had been noncompliant with his BiPAP machine (Tr. 553). During that nine-day stay, the claimant was "diuresed significantly" and lost thirty pounds, and notes reflect a belief that the claimant's weight was contributing to his breathing problems (Tr. 553). On June 10, 2013, the claimant qualified for oxygen, because he was at or below 88% oxygen level for at least five minutes (Tr. 632). Two state reviewing physicians found the claimant could perform light work (Tr. 431, 500).

At the administrative hearing, the claimant testified that his weight went from 330 pounds to 401 pounds in two months, and that he is on oxygen 24/7 (Tr. 97-98, 104). He testified that the lost his job when he had to start taking insulin (Tr. 106-107), and that his inability to stay standing up due to pain in his knees and ankles prevented him from working (Tr. 107-108). Additionally, he stated he believed he had a bad disc in his back, and that he had been placed on oxygen after a sleep study revealed he needed it (Tr. 108, 110). He believed he could sit ten to fifteen minutes at a time and stand about ten minutes at a time, carry approximately six pounds, and walk half a block or 200 feet (Tr. 112-113). He testified that the did not have problems making decisions or paying attention, but that concentration was difficult, and that he did not take care of his home or run errands (Tr. 113-115).

In his written opinion at step three, the ALJ noted that he had specifically considered listings 1.04, 1.02, 3.02, and 4.04, and that he had further considered the claimant's obesity in relation to his musculoskeletal, respiratory, and cardiovascular body systems and the mental disorders listings, but found that the claimant's obesity did not cause him to meet or medically equal a listing (Tr. 74-75). At step four, the ALJ summarized the claimant's testimony as well as most of the medical evidence in the record. Using boilerplate language, he stated that he had found the claimant not credible, then continued later by noting that the claimant had worked after his alleged onset date and although it was not SGA, it reflected greater daily activities than reported; that he received unemployment benefits after the alleged onset date; and that his treatment did not reflect that of a totally disabled individual with respect to a lack of specialists, physical therapy, chiropractor, or pain management other than over-the-counter aspirin, as well as a lack of hospitalization or outpatient treatment for his mental impairments and that psychotropic medications helped (Tr. 77, 80).

The claimant first contends that the ALJ erred in failing to consider his obesity at step three, as it related to the Listings. Social Security Ruling 02-1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* 2002 WL 34686281, at *1 (Sept. 12, 2002). The Listing of Impairments with regard to the respiratory system references obesity and explains that "[t]he combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately"; therefore, the ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's RFC. 20 C.F.R. Pt. 404, Subpt. P,

App. 1, Pt. A, 3.00 Respiratory System.  However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."  Soc. Sec. Rul. 02-1p, 2002 WL 34686281, at *6.  Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and "[w]e will evaluate each case based on the information in the case record."  *Id.*, 2002 WL 34686281, at *6.  Here, the record reflects that the claimant's weight ranged from 224 to 237 (with attendant body mass indices of 30.38 to 33.05 pounds) and he is five feet, eleven inches tall, and this is contrary to the claimant's direct testimony as stated above (Tr. 347, 351, 360, 409, 413, 417, 426, 430, 448, 451).  The claimant contends that the ALJ failed to consider his obesity with regard to Listings 3.00.1 and 3.10.  As to the first one, the claimant is apparently referring to the introductory portion of the Listing related to the respiratory system, 3.00(I), which *does* instruct that "[t]he combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately[,]" and that "adjudicators must consider any additional and cumulative effects of obesity."  20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 3.00 Respiratory System, I. Effects of Obesity.  The second listing, 3.10 Sleep-Related Breathing Disorders, instructs that evaluation is to be under 3.09 (chronic cor pulmonale) or 12.02 (organic mental disorders).  But the claimant did not point to any evidence in the record that would lead to a finding that his impairments meet any of these listings, nor did he explain how his obesity could perhaps affect him to the point of medically equaling any of these listings.  *See Fagan v. Astrue*, 231 Fed. Appx. 835, 837-838 (10th Cir. 2007) ("The ALJ discussed the evidence and

why he found Ms. Fagan not disabled at step three, and, the claimant—upon whom the burden rests at step three—has failed to do more than suggest that the ALJ should have speculated about the impact her obesity may have on her other impairments.").

Second, the claimant contends that the ALJ erred in analyzing his credibility. A credibility determination is entitled to deference unless there is some indication that the ALJ misread the medical evidence as a whole. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [citation omitted]. An ALJ's credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996).

The ALJ noted in his written opinion that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not completely credible" (Tr. 46). Use of boilerplate language is generally disfavored, *see, e. g., See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170 (10th Cir. 2012) ("Such conclusory analysis, which neither reveals what "other reasons" or "other factors" prompted the ALJ's conclusions, nor is tethered to specific evidence, constitutes the type of disfavored boilerplate this court rejected in *Hardman* [*v. Barnhart*, 362 F.3d 676, 678-679 (10th Cir. 2004)."]), but this was not the sum total of the ALJ's analysis of the claimants' credibility. Elsewhere in the opinion, for example, the ALJ set out the applicable

credibility factors and cited evidence supporting his reasons for finding that the claimant's subjective complaints were not credible, including those factors stated above (Tr. 77-81). The ALJ thus linked his credibility determination to evidence as required by *Kepler*, and provided specific reasons for his determination in accordance with *Hardman*.

Finally, the claimant contends, based on an opinion from the Eighth Circuit, that the ALJ failed to properly account for the dosage and effectiveness of his medications. The claimant contends that the ALJ's analysis fell short of the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), which sets forth a number or requirements related to assessing the claimant's credibility, including the dosage, effectiveness, and side effects of medications. Although acknowledging that the ALJ specifically addressed the side effects of his medications, the claimant contends that the ALJ nevertheless committed reversible error by failing to consider the effectiveness and dosage of these medications. Although *Polaski* is merely persuasive authority in this Circuit, the undersigned Magistrate Judge nevertheless recognizes that the authority in *this Circuit*, specifically, *Luna v. Bowen*, 834 F.2d 161, 166 (10th Cir. 1987), contains the same factors for analysis. *Thomas v. Secretary of Health and Human Services*, 21 F.3d 1122, 1994 WL 135224, at *3 (10th Cir. April 18, 1994) (unpublished table opinion) (where the ALJ cited *Polaski* rather than *Luna*, "[O]ur study of the two cases reveals no difference. Therefore, even though the ALJ cited the wrong circuit's authority, he did not apply the wrong legal standards when evaluating claimant's complaints of disabling pain."). Accordingly, although the claimant's improper citation is not fatal to his argument, his analysis is. He alleges error because he presented evidence showing that his medications

had changed and/or increased from sixteen to twenty two between the ALJ's opinion and evidence submitted to the Appeals Council, and that *because* his medications had been changed, reversal was required. He nevertheless points to no evidence to suggest or support a finding that the change in medications, *by itself*, requires reversal, nor to evidence suggesting that the changes in medications actually created relevant side effects, nor does he suggest how this would change the ALJ's credibility analysis. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Our precedent 'does not require a formalistic factor-by-factor recitation of the evidence . . . [s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.'"), *quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The essence of the claimant's appeal here is that the Court should re-weigh the evidence and determine his RFC differently from the Commissioner, which the Court simply cannot do. *See Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that

the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**